IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN K. DRAKE, M.D., ET AL.**                                                                                           **PLAINTIFFS**

**VERSUS**                                                               **CAUSE NO.: 1:08-CV-690-LTS-RHW**

**NATIONWIDE MUTUAL FIRE INS. CO., ET AL**                                    **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT**

COMES NOW THE PLAINTIFF, by and through counsel, and file their *Memorandum in Support of Motion for Partial Summary Judgment* for the Court to determine as a matter of law that Plaintiffs are entitled to coverage under the Refrigerated Property and Live Tree Removal as provided by Plaintiffs' homeowner's insurance policy, and in support thereof would show the Court as follows:

**INTRODUCTION AND FACTS**

At the time of Hurricane Katrina, Plaintiffs had a homeowner's policy drafted, sold, and issued by Defendants which provided coverage for Dwelling, Other Structures, Personal Property, and Loss of Use. In addition to the above referenced coverage, Plaintiffs' homeowner's policy provided Additional Property Coverage for Live Tree Debris Removal and Refrigerated Property among other coverages, including but not limited to Inflation Protection. (*See Plaintiffs' homeowner's insurance policy and declaration page attached hereto as Cumulative Exhibit 1*.)

Plaintiffs' homeowner's insurance policy provided, in part, the following under Additional Property Coverages:

    2.    Live Tree Removal. In the event of a loss, we will also pay the reasonable expense you incur for the removal of live tree debris from the residence premises

>   that do not cause damage to covered property or covered structures. The most we will pay is $500.….
>
> 10. Refrigerated Property. If a power interruption occurs, off the residence premises, we will pay up to a maximum of $500 for loss of contents in a freezer or refrigerator due to temperature changes...

(*See NW-DRA000069-DW-DRA000071 of Cumulative Exhibit 1 attached hereto as Exhibit 2*.)

On August 29, 2005, Plaintiffs' home and property were devastated by Hurricane Katrina. Unfortunately, Plaintiffs' home located and property located at 95 Labranche Avenue, Ocean Springs, Mississippi was completely destroyed and rendered a "slab" as a result of the weather events of Hurricane Katrina, including the hours of intense hurricane force winds. As the Court as previously held, Hurricane Katrina was a windstorm.

## **LAW**

Summary Judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P 56(c); *Price v. Federal Ex. Corp.*, 283 F.3d 715, 719 (5th Cir. 2002). Summary Judgment is mandated where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The standard for granting summary judgment under Rule 56 "mirror" the standard for judgment as a matter of law under Rule 50, such that the "inquiry under each is the same." *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-251, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986)).

"The interpretation of an insurance policy is a question of law, not of fact. *Anglin v. Gullf Guaranty Life Ins. Co.*, 956 So. 2d, 853, 859 (Miss. 2007) (citing *Noxubee County School Dist. v. United National Ins. Co.*, 883 So.2d 1159, 1163 (Miss. 2004)). Generally, under Mississippi law, when the words of an insurance policy are plain and unambiguous, the court will afford them their pain, ordinary meaning and will apply them as written. *Paul Revere Life Ins. Co. v. Prince*, 375 So.2d 417, 418 (Miss. 1979). Moreover, provisions that limit or exclude coverage are to be construed liberally in favor of the insured and most strongly against the insurer. *Nationwide Mut. Ins. Co. v. Garriga*, 636 So.2d 658, 662 (Miss. 1994). "Where the insurance policy does not provide the definition for a term or phrase, those words are afforded their ordinary and popular meaning." *United National*, 883 So.2d at 1165 (citing *Blackledge v. Omega Ins. Co.*, 740 So.2d 295, 298 (Miss. 1999)).

## ARGUMENT

Plaintiffs are entitled to coverage under Additional Property Coverages of the subject policy of insurance, including Live Tree Debris Removal and Refrigerated Property.

Defendants determined that from August 29, 2005, Plaintiffs were entitled to $1000.00 in coverage for Live Tree Debris Removal and Refrigerated Property. However, Defendants never paid the Plaintiffs for this coverage and never apprised the Plaintiffs of the availability of this coverage. During the 30(b)(6) deposition of Charles Higley, Mr. Higley testified to the following:

```
                               317
    15   Now, Mr. Woods also confirms that the
    16   Drakes were entitled to coverage under the
    17   refrigerated property provision of their policy
    18   for food spoilage; right?
    19   A.     Yes.
    20   Q.     And that had been true ever since the
    21   day of loss; right?
```

22  **A.    Yes.**
23  Q.    But here you are five months after the
24  loss on January 24th, 2006, and not once have
25  the Drakes ever been apprised of the

318

1  availability of that coverage as reflected in
2  the claim file; isn't that true?
3       MR. SCHULTZ:  Objection to form;
4    foundation; and argumentative.
5  **A.    Yes.**

(*See Excerpt of Deposition Testimony attached hereto as Exhibit 3*.)

In addition the admission that Defendants knew that Plaintiffs were entitled to coverage under Refrigerated property, but never apprised the Plaintiffs of the availability of this coverage Defendants also found that Plaintiffs were entitled to coverage under Live Tree Debris Removal During the 30(b)(6) deposition of Charles Higley, Mr. Higley testified to the following:

344
25       Entry on 12/18/2006 to Alec Harmer

345
1  from George Mcadory?
2  **A.    Yes.**
3  Q.    Who is George Mcadory?
4  **A.    A claim associate.**
5  Q.    And the instruction was to, Please pay
6  food spoilage and LTDR limit; correct?
7  **A.    That's what it says, yes.**
8  Q.    And LTDR limit is live tree debris
9  removal limit; right?
10  **A.    I deduce the same thing.  I have never**
11  **seen it recorded that way before, but it makes**
12  **sense.**
13  Q.    Each of those coverage parts had $500
14  worth of available coverage; right?
15  **A.    Yes.**
16  Q.    So had the limits of both of those
17  coverage parts been paid the payment would have
18  been for $1,000; right?
19  **A.    Yes.**

```
20  Q.      There's instruction in the claim file
21  at this date to pay the limits on both those
22  coverages to the Drakes; right?
23  A.      That's what it says.
24  Q.      That was never done; correct?
25  A.      No.
```

(*See Excerpt of Deposition Testimony attached hereto as Exhibit 4.*)

As set forth herein above, Defendants made the coverage decision to pay the Plaintiffs the limits of under Live Tree Debris Removal and Refrigerated Property in the amount of $1000.00 in policy limits between them; however, Defendants never processed the Plaintiffs' legitimate claims and Defendants never paid the Plaintiffs for these additional property coverages for which they were entitled.

Plaintiffs respectfully request the Court to grant Plaintiffs' Motion for Partial Summary Judgment and find as a matter of law that Defendants knew that it owed the Plaintiffs for coverage under Live Tree Debris Removal and Refrigerated Property and failed to provided insurance proceeds to the Plaintiff for which they were entitled under their homeowner's insurance policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Court to grant Plaintiffs' *Motion for Partial Summary Judgment*, and any additional relief in favor of the Plaintiffs deemed appropriate by this Honorable Court.

Respectfully submitted this the 31st day of August, 2009.

                                            JOHN K. DRAKE, M.D.
                                            DEBORAH DRAKE
                                            Plaintiffs

                          By:   *s/ W. Corban Gunn*
                                   W. CORBAN GUNN, (MSB #101752)

Clyde H. Gunn, III, (MSB #5074)
Christopher C. Van Cleave, (MSB #10796)
W. Corban Gunn, (MSB #101752)
David N. Harris, Jr., (MSB #100790)
CORBAN, GUNN & VAN CLEAVE, PLLC
P.O. Drawer 1916
Biloxi, Mississippi 39533
Telephone:  (228) 432-7826
Facsimile:   (228) 456-0998
corban@cgvclaw.com

## CERTIFICATE OF SERVICE

I, W. Corban Gunn, Esq., herby certify that on August 31, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM / ECF system which will send notification of such filing to the following:

Dana E. Hill, Esq.
dhill@kirkland.com

Laura L. Gibbes, Esq.
lgibbes@watkinsludlam.com

This the 31st day of August, 2009.

*s/ W. Corban Gunn*
W. CORBAN GUNN, (MSB #101752)