IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN K. DRAKE, M.D., ET AL.**                                                              **PLAINTIFFS**

**VERSUS**                                                   **CAUSE NO.: 1:08-CV-690-LTS-RHW**

**NATIONWIDE MUTUAL FIRE INS. CO., ET AL**                                   **DEFENDANTS**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
[96] MOTION FOR SUMMARY JUDGMENT**

    COME NOW THE PLAINTIFFS, by and through counsel, and file their *Response in Opposition to Defendants' [96] Motion for Summary Judgment*, and in support thereof would show the Court as follows:

    1. Plaintiffs respectfully contend that Defendants are not entitled to dismissal of Plaintiff's claims as a matter of law because (1) Defendants have judicially admitted Plaintiff suffered a covered loss as a result of Hurricane Katrina and are entitled to full coverage for Additional Living Expenses pursuant to *Coverage D-Loss of Use* of Plaintiffs' Homeowners' Insurance Policy with the Defendants. As a result, Defendants' argument that Plaintiffs did not suffer a "covered loss" is moot; (2) Defendants waived any contractual provision in the Plaintiff's homeowner's insurance policy that may have required Plaintiffs to submit a sworn proof of loss by falsely advising the Plaintiffs their claims were not covered; and by judicially acknowledging coverage, and tendering payments for ALE coverage after the alleged failure to submit a sworn proof of loss had already occurred, resulting in waiver of a known right by the Defendants; (3) Defendants' allegations there is no coverage for alleged failure to cooperate are likewise waived by Defendants conduct, after the Plaintiffs' alleged failure to cooperate, wherein Defendants determined and later judicially admitted Plaintiffs are entitled to full coverage under the ALE provisions of the policy, and actually tendered payments to Plaintiffs there under; and (4)

Defendants allegations Plaintiffs failed to cooperate would not be ripe for summary judgment in any event because, under Mississippi law, Defendants' allegation that Plaintiffs failed to cooperate presents a jury question and precludes the entry of judgment as a matter of law.

2. Plaintiffs have filed herewith their *Memorandum in Support of Plaintiffs' Response in Opposition to Defendants' [96] Motion for Summary Judgment*. Plaintiffs refer the Court to Plaintiffs' arguments as more fully set forth therein.

3. In addition, in support of Plaintiffs' Response in Opposition to Defendants' [96] *Motion for Summary Judgment*, attached hereto as the following exhibits:

   a. Plaintiffs' Homeowners' Insurance Policy and Declaration Page attached hereto as Cumulative Exhibit 1.

   b. NW-DRA000062 of Plaintiffs' Homeowner's Insurance Policy attached hereto as Exhibit 2.

   c. MWUA Declaration Page attached hereto as Exhibit 3.

   d. NFIP Declaration Page attached hereto as Exhibit 4.

   e. NW-DRA000069 of Plaintiffs' Homeowner's Insurance Policy attached hereto as Exhibit 5.

   f. MWUA payments for wind damage attached hereto as Cumulative Exhibit 6.

   g. NFIP Payments for flood damage attached hereto as Exhibit Cumulative Exhibit 7.

   h. Plaintiffs' Supplemental Answers to First Set of Interrogatories Propounded by Defendants attached hereto as Exhibit 8.

   i. Excerpt of deposition testimony of Charles Higley attached hereto as Exhibit 9.

j. Expert Report of Ted L. Biddy, P.E., P.L.S., attached hereto as Exhibit 10.

k. Defendants' February 6, 2006, denial letters attached hereto as Exhibit 11.

l. Excerpt of deposition testimony of Plaintiff Deborah Drake attached hereto as Exhibit 12.

m. Excerpt of deposition testimony of Charles Higley attached hereto as Exhibit 13.

n. Defendants' internal email correspondence and attachment of Mississippi Insurance Department Bulletin No. 2005-6 attached hereto as Cumulative Exhibit 14.

o. Excerpt of deposition testimony of Charles Higley attached hereto as Exhibit 15.

p. Excerpt of Defendants' claims log attached hereto as Exhibit 16.

q. NW-DRA000078 of Plaintiffs' Homeowners' Insurance Policy attached hereto as Exhibit 17.

r. Excerpt of Defendants' claims log attached hereto as Exhibit 18.

s. Excerpts of Defendants' claims log attached hereto as Exhibit 19.

t. Excerpt of Defendants' claims log attached hereto as Exhibit 20.

u. Excerpt of Deposition of Charles Higley attached hereto as Exhibit 21.

v. Partial payment tendered on June 23, 2009, attached hereto as Exhibit 22.

4. As set forth herein and more thoroughly in Plaintiffs' Supporting Memorandum, Plaintiffs respectfully request the Court to deny Defendants' [96] Motion for Summary Judgment.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request the Court to deny Defendants' [96] Motion for Summary Judgment, and any additional relief in favor of the Plaintiffs deemed appropriate by this Honorable Court.

Respectfully submitted this the 28th day of September, 2009.

                                    JOHN K. DRAKE, M.D.
                                    DEBORAH DRAKE
                                    Plaintiffs

                  By:   *s/ W. Corban Gunn*
                                    W. CORBAN GUNN, (MSB #101752)

Clyde H. Gunn, III, (MSB #5074)
Christopher C. Van Cleave, (MSB #10796)
W. Corban Gunn, (MSB #101752)
David N. Harris, Jr., (MSB #100790)
CORBAN, GUNN & VAN CLEAVE, PLLC
P.O. Drawer 1916
Biloxi, Mississippi 39533
Telephone:  (228) 432-7826
Facsimile:  (228) 456-0998
corban@cgvclaw.com

4

## CERTIFICATE OF SERVICE

I, W. Corban Gunn, Esq., herby certify that on September 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM / ECF system which will send notification of such filing to the following:

Dana E. Hill, Esq.
dhill@kirkland.com

Laura L. Gibbes, Esq.
lgibbes@watkinsludlam.com

This the 28th day of September, 2009.

*s/ W. Corban Gunn*
W. CORBAN GUNN, (MSB #101752)