IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN K. DRAKE, M.D. AND
DEBARAH J. DRAKE                                                              PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 1:08cv690-LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY; NATIONWIDE MUTUAL
INSURANCE COMPANY; AND JOHN AND
JANE DOES A, B, C, D, E, F, AND G                                             DEFENDANTS

PLAINTIFFS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANTS'
[91] MOTION TO STRIKE PLAINTIFFS' CLAIMS FOR EMOTIONAL DISTRESS

COME NOW the Plaintiffs, by and through their counsel for record, and file their *Supplemental Response In Opposition to Defendants' [91] Motion to Strike Claims for Emotional Distress*, in order to provide the Court with new and previously unavailable evidence, as follows:

1. On September 28, 2009, Plaintiffs filed their *[108] Response In Opposition to Defendants' [91] Motion to Strike Claims for Emotional Distress.* Plaintiffs demonstrated therein that, contrary to Nationwide's claims of prejudice, Nationwide requested and conducted independent mental examinations of each of the Plaintiffs more than thirty (30) days prior to the filing of Plaintiffs' *[108] Response*, yet Nationwide failed to provide the Plaintiffs with the reports of the expert it retained to conduct those examinations. Plaintiffs suggested that the reason for Nationwide's failure to disclose, and the *real* driving reason behind Nationwide's efforts to strike Plaintiffs' claims for emotional distress, was that Nationwide was not pleased with its expert's report.

2. On September 29, 2009 at approximately 3:17 pm, counsel for Nationwide provided its expert's mental examination report on each of the Plaintiffs to counsel for the Plaintiffs. (*See*

1

Independent Medical Evaluation of John Drake attached hereto, under seal, as "Exhibit 2"; and Independent Medical Evaluation of Debbie Drake attached hereto, under seal, as "Exhibit 3"). The content of these reports confirms the real driving factor behind Nationwide's motion is simply to avoid the Plaintiffs' claims being heard on their merits, as Nationwide's own expert concluded the Plaintiffs, and each of them, suffered the type of emotional distress ***as a result of Nationwide's conduct*** that the Mississippi Supreme Court has repeatedly held gives rise to compensation for emotional distress in the context of denial of an insurance claim.

3. For example, Dr. Webb concluded that Dr. Drake:

> . . . mainly is just angry and frustrated about the situation with Nationwide, which is quite typical when it comes to facing things that we do not agree with. That is not a psychiatric illness or disorder, but a normal human emotion over a situation in which there is a dispute on who is right.

(Ex. 2 pg. 5, ¶2). As the Court is aware, the Plaintiffs are not required to prove "psychiatric illness" in support of a claim for mental anguish and emotional distress. The Plaintiffs only have to show that the denial of their claims caused anxiety, anger, nervousness, and stress in order to prove a compensable injury. See <u>United American v. Merrill</u>, 978 So.2d 613, 630 (¶84) (Miss. 2007)[1]. These finding presented by Dr. Webb that Dr. Drake is "angry" and "frustrated" by the denial of his claims by Nationwide clearly rises to the level of compensable injury as set forth by in *Merrill*.

4. In regard to the Independent Medical Evaluation of Debbie Drake, Dr. Webb similarly concluded:

---

[1] The Mississippi Supreme Court unanimously held, "Applying the familiar tort law principle that one is liable for the full measure of the reasonably foreseeable consequences of her actions, **it is entirely foreseeable by an insurer that the failure to pay a valid claim through the negligence of its employees *should* cause some adverse result to the one entitled to payment. Some anxiety and emotional distress would ordinarily follow…**"

> [Mrs. Drake] is upset and anxious about the insurance situation . . . . Mrs. Drake has appropriate emotions of anger and upset over a situation that she feels is wrong.

(Ex. 3, pg. 4 ¶5). Again, Dr. Webb's findings clearly show that Mrs. Drake has suffered and continues to suffer mental anguish and emotional distress because of the wrongful denial of her claim by Nationwide. Plaintiffs are clearly entitled to submit the findings of Nationwide's own expert to the Jury at the trial of this cause.

5. The Plaintiffs respectfully request the Court see Nationwide's attempt to dismiss their claims of mental anguish and emotional distress, while Nationwide was withholding Nationwide's **own** expert's opinion that clearly and unequivocally proves Nationwide's wrongful denial of Plaintiffs' claims caused the Plaintiffs to suffer compensable mental anguish and emotional distress, for what it *really* is, and DENY Nationwide's [91] Motion to Strike Plaintiffs' Claims for Emotional Distress.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request this Court DENY Nationwide's [91] *Motion to Strike Claims of Emotional Distress*. Plaintiff further request this Court find as a matter of law that the Plaintiffs are allowed to testify, and to call Nationwide's retained expert, regarding their mental anguish and emotional distress caused by the denial of their insurance claims pursuant to Mississippi law. Plaintiff further requests any additional relief this Court deems appropriate.

Respectfully submitted, this the 30th day of September, 2009.

                JOHN K. DRAKE, M.D. AND
                DEBARAH J. DRAKE

BY:   s/ David N. Harris, Jr.
        DAVID N. HARRIS, JR. (MSB #100790)

CLYDE H. GUNN, III (MSB #5074)
CHRISTOPHER C. VAN CLEAVE (MSB #10796)
W. CORBAN GUNN (MSB #101752)
DAVID N. HARRIS, JR. (MSB #100790)
CORBAN, GUNN & VAN CLEAVE, P.L.L.C.
P.O. Drawer 1916
Biloxi, MS 39533-1916
Telephone: (228) 432-7826
Facsimile: (228) 456-0998
Email: david@cgvclaw.com

5

## CERTIFICATE OF SERVICE

I, David N. Harris, Jr., hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record who are CM/ECF participants, with no counsel noted as requiring service by mail.

Laura Limerick Gibbes, Esquire
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, Mississippi 39205-0427
Telephone: (601) 949-9400
Facsimile:  (601) 949–4804
Email: lgibbes@watkinsludlam.com

DANA E. HILL - PHV
DANIEL F. ATTRIDGE – PHV
CHRISTIAN D.H. SCHULTZ - PHV
ROBERT B. GILMORE - PHV
KIRKLAND & ELLIS, LLP
655 Fifteenth St., N.W., Ste. 1200
Washington, DC 20005-5793
Telephone: (202) 879-5974
Facsimile:  (202) 654-9635
Email: dhill@kirkland.com
dattridge@kirkland.com
cschultz@kirkland.com
rgilmore@kirkland.com

**ATTORNEYS FOR NATIONWIDE MUTUAL FIRE INSURANCE COMPANY AND NATIONWIDE MUTUAL INSURANCE COMPANY**

This, the 30th day of September, 2009.

BY:   s/ David N. Harris, Jr.
       DAVID N. HARRIS, JR.